UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : |
| v. | :  No. 21-MJ-115 (RMM/BAH) |
| | : |
| | : |
| EMANUEL JACKSON, | : |
|    Defendant. | : |

**DEFENDANT'S RESPONSE TO COURT AND MOTION TO SEAL**

Emanuel Jackson, by and through counsel Brandi Harden, Esq. respectfully submits this response to the Court's Minute Entry dated February 26, 2021, and moves this Court to issue an Order directing that government's Exhibits 1-5 be placed under seal until further order of the Court.

On January 21, 2021, the government filed a Memorandum in Support of Detention noting that "video exhibits are being separately provided to counsel and the Court." *See* ECF No. 4 n1. The government's exhibits, submitted to Magistrate Judge Harvey in support of detention, included four Capitol building CCTV videos and one open-source video. On February 23, 2021, Exhibits 1-5 were also submitted to Chief Judge Howell in support of the Government's Opposition to Defendant's Motion for Review and Revocation of a Detention Order. *See* ECF No. 14 n.1. The exhibits were provided to the Court and counsel only, and the government did not file the exhibits on the public docket. On February 26, 2021, Scott McFarlane, of NBC Washington, requested copies of Exhibits 1-5 (videos), which the government has not moved to seal.[1]

Mr. Jackson submits that these materials are part of a *potential* grand jury investigation.[2]

---

[1] In 21-cr-118 (RCL) the the USAO moved, *post-indictment*, to seal documents given to the Court and counsel. An Order sealing the exhibits was entered on March 3, 2021. *See* ECF No. 35

[2] Mr. Jackson's case is pre-indictment and counsel is not privy to whether there is an *ongoing* grand jury investigation.

As such, Mr. Jackson requests that Exhibits 1-5, be placed under seal because they, in substance, are potentially part of, or related to, a potential grand jury investigation in which he has a constitutionally protected interest ('Fundamental-Fairness').  Furthermore, disclosure of these materials by inclusion on the public docket could endanger other aspects of any potential grand jury investigation, including potential destruction of mitigating evidence and the safety of potential witnesses. Notably, disclosure might also alert other individuals who are subjects of an investigation of the existence and the extent of Mr. Jackson's involvement, and it might alert individuals to methods being used by law enforcement. Thus, disclosure could prejudice an investigation, compromise the fairness of a grand jury, and endanger the safety of Mr. Jackson, law enforcement agents, or other potential witnesses.

The First Amendment guarantees the press and the public a general right of access to court proceedings and court documents unless there are compelling reasons, demonstrating why it cannot be observed, such as a reasonable likelihood of substantial prejudice. *See Press-Enterprise Co. v. Superior Court,* 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1985) (*"Press-Enterprise I"*). Accordingly, all of the factors combined, present a reasonable likelihood of substantial prejudice which justifies sealing government's Exhibits 1-5.

WHEREFORE, for all the foregoing reasons, Mr. Jackson respectfully requests that Exhibits 1-5 be placed under seal until further order of the Court.

Respectfully submitted,

/s/ *Brandi Harden*
Brandi Harden, Esq.
Counsel for Emanuel Jackson
Bar No. 470-706
Harden & Pinckney, PLLC
400 7th Street NW, Suite 604
Washington, DC 20004
202.390.0374

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2021, I caused a copy of the foregoing motion to be served on counsel of record via ECF.

/s/ *Brandi Harden*
_____
Brandi Harden, Esq.